IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Petitioner,  )<br>  v.  )<br>  )<br>AMERICAN CONCERIGE SERVICES,  )<br>LLC.,  )<br>  )<br>    Respondent.  )<br>_____ ) | Misc. No. |

**UNITED STATES' PETITION
FOR SUMMARY ENFORCEMENT OF INSPECTOR GENERAL SUBPOENA**

Petitioner, the United States of America ("United States"), through its counsel and pursuant to the Inspector General Act of 1978 ("the Inspector General Act"), 5 U.S.C. App. 3 § 6(a)(4), respectfully petitions this Court for an order compelling the respondent American Concierge Services, LLC ("ACS"), to comply with a subpoena *duces tecum* issued by the Amtrak Office of the Inspector General ("Amtrak OIG"). OIG Subpoena attached as Exh. 1. Attached and incorporated herein are a copy of the Amtrak OIG subpoena issued to ACS on May 16, 2017; a Memorandum in Support of the United States' Petition for Summary Enforcement of Inspector General Subpoena; and a Declaration from Senior Special Agent Eugene Simms of the Amtrak OIG ("S.A. Simms Decl."). A proposed order also is attached.

The United States further contends as follows in support of its Petition:

Jurisdiction and Venue

1. Subject matter jurisdiction is conferred by § 6(a)(4) of the Inspector General Act of 1978, 5 U.S.C. App. 3 (Inspectors General subpoena power and enforcement in the United

States District Courts) and 28 U.S.C. § 1331 ("original jurisdiction of all civil actions, suits or proceedings commenced by the United States").

2. Venue is alleged under 28 U.S.C. § 1391 (b)(1)-(b)(2) (where "a substantial part of the events or omissions giving rise to the claim occurred"); and under 28 U.S.C. § 1391(c)(2) (judicial district in which defendant is subject to the court's personal jurisdiction and plaintiff maintains its principal place of business).

## Parties

3. Petitioner is the United States.

4. The National Railroad Passenger Corporation, known as "Amtrak," is a public service corporation headquartered in the District of Columbia and designated by Congress to provide rail passenger service in the United States.

5. Respondent ACS is a North Carolina corporation with its principal place of business in Las Vegas, NV, and additional offices in Smithfield, NC. ACS is owned and operated by Dante Evans. ACS provides transportation services to government customers, including Amtrak, in the District of Columbia and in other jurisdictions through various contracts directly with Amtrak as a prime contract holder, and indirectly as a subcontract holder.

## Issuance of Service Subpoena

6. The Amtrak OIG issued a subpoena to ACS on May 17, 2017, pursuant to the Inspector General Act, which authorizes the OIG to subpoena records as part of the its responsibility to investigate fraud and abuses in Amtrak's federally funded programs. *See* 5 U.S.C. App. 3 § 4(a)(1), (3)-(5). S.A. Simms Decl. at ¶¶ 3-5, 12. *See also* Exh. 1.

7. As described in more detail in the Declaration of Senior Special Agent Simms, the Amtrak OIG subpoena was issued in furtherance of an investigation into whether ACS submitted

false or fraudulent claims or certifications to Amtrak by submitting forged Certificates of Liability Insurance and by failing to abide by other material pre-conditions to contract with, or provide services for Amtrak.

8. As set forth in the attached declaration from Special Agent Simms, ACS failed to completely and properly respond to the subpoena.

9. Despite all attempts by the Amtrak OIG to obtain compliance with the subpoena, ACS has failed to comply with the subpoena.

WHEREFORE, petitioner United States respectfully requests that this Court enter an Order granting this Petition and:

A. Order ACS to produce to the OIG, within ten (10) calendar days of the entry of the Court's Order, all items described in the subpoena; and

B. Granting such other and further relief to the United States that this Court deems necessary and appropriate, including attorney's fees and costs.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
Attorney General

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

DARRELL C. VALDEZ, D.C. Bar #420232
Assistant United States Attorney
555 4th Street, NW, Civil Division
Washington, DC 20530
(202)252-2507
Darrell.Valdez@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> AMERICAN CONCERIGE SERVICES, ) <br> LLC., ) <br> ) <br> Respondent. ) <br> _____ ) | Civ. No. |

## MEMORANDUM IN SUPPORT OF UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT OF INSPECTOR GENERAL SUBPOENAS

This is a summary proceeding filed by the United States of America ("United States") to enforce a subpoena issued by the Office of Inspector General ("OIG") of the National Railroad Passenger Corporation ("Amtrak") to American Concierge Services, LLC., ("ACS"). The subpoena as issued in furtherance of an OIG investigation into whether ACS violated the False Claims Act or other criminal statutes when it provided forged documents to Amtrak and otherwise failed to perform material conditions of its contracts with Amtrak and its subcontract with LJK Companies, Inc. ( d/b/a "Travelliance").

### FACTUAL BACKGROUND

In this matter, the OIG is investigating whether ACS violated material terms of its primary contracts with Amtrak and a subcontract with Travelliance to provide shuttle services for Amtrak employees. In February 2017, Amtrak OIG received a referral from Amtrak Police Department ("Amtrak PD") about the possible misuse of an Amtrak employee shuttle. S.A. Simms Decl. at ¶ 6. While checking into the information provided by Amtrak PD, agents of the OIG discovered that ACS failed to obtain liability insurance, as required by the service contracts,

and further that ACS provided Amtrak with forged insurance certificates to hide its contractual violations. *Id.* at ¶¶ 7, 10. Further investigation revealed that, in addition to the insurance requirements, ACS may have violated a multitude of other contract requirements, including failing to obtain a Washington Metropolitan Area Transit Authority ("WMATA") certification, failing to conduct criminal background checks on its employees, and failing to provide the type and number of vehicles for employee transportation services. *Id.* at ¶ 10.

On May 17, 2017, Amtrak OIG served a subpoena on ACS to obtain information regarding Amtrak Contract Nos. 2500105660 and 2500104120, and Subcontract No. 2500068070 with Travelliance. *Id.* at 12; Exh. 1. The subpoena sought all documents and communications related to the requisite conditions of the three contracts. S.A. Simms Decl. at ¶ 13; Exh. 1 at 8. Dante Evans, the owner and CEO of ACS, acknowledged receipt of the subpoena in a telephone conversation with Special Agent Simms on June 2017, S.A Simms Decl. at ¶ 14, and with the undersigned Assistant United States Attorney on August 9, 2017. Exh. 2. Counsel for ACS also contacted the undersigned Assistant United States Attorney and obtained a copy of the subpoena on August 22, 2017. Exh. 3; S.A. Simms Decl. at ¶ 16.

Despite having four months to gather documents, ACS failed to provide a substantial amount of the documents requested. S.A. Simms Decl. ¶ 18. Specifically, ACS failed to produce any records pertaining to the WMATA certifications, any criminal background checks of its employees; any records identifying employees who performed work under the contracts, Certificates of Liability Insurance for the period January 2014 to March 2017, and documetns supporting its invoices for services provided under the Amtrak contracts or the Travelliance subcontract. *Id.* ACS did provide some e-mail communications pertaining to invoices under the three contracts; however, even that production was woefully inadequate. *Id.*

2

Since September 2017, the United States and the Amtrak OIG have continued in their attempts to obtain ACS's compliance with the subpoena. Exh. 4; S.A. Simms Decl. at ¶¶ 20-26. Other than one minor production July 16, 2018, containing some email correspondence between ACS and Amtrak regarding invoice submissions, ACS has failed to fully comply with the subpoena.[1] It has now been over one-year since the subpoena was issued, and ACS has missed every deadline that it has set for itself, and has failed to provide the documents sought in the Amtrak OIG subpoena.

Failure to Comply with the Subpoena

Offices of Inspector General have broad subpoena powers. Inspectors Generals have authority to conduct investigations, provide reports, and make recommendations regarding, among other things, fraud and abuse in their agencies' programs and operations. 5 U.S.C. App. 3 § 4(a)(1)-(5). Case law in this and other jurisdictions have interpreted those powers to be broad as well. *See, e.g., Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1544 (D.C. Cir. 1994) ("Administrative agencies wield broad power to gather information through the issuance of subpoenas."); *id.* ("Like a grand jury, an agency 'can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'") (citation omitted); *Winters Ranch Partnership v. Viadero*, 123 F.3d 327, 330 (5th Cir. 1997) ("Congress conferred very broad audit, investigatory, and subpoena powers on each Inspector General, as an independent and objective unit of the department or agency, to help promote efficiency, and prevent fraud, waste, abuse, and mismanagement in federal government programs …."); 5

---

[1] It is interesting to note that although counsel for ACS previously described the anticipated production from Dante Evans as being too large to "email or scan due to the volume," Exh. 4 at email from Jay Mykytiuk to AUSA Darrell Valdez dated Friday, March 23, 2018, counsel was quite capable of emailing the documents to the United States in one single file on July 16, 2018.

U.S.C. App. 3 § 6(a)(4) (authorizing Offices of Inspectors General to subpoena documents and other information, and to enforce their subpoenas in United States District Courts).

Here, Amtrak obtained information that raised questions as to whether ACS knowingly provided forged documents to cover-up its failure to comply with material terms of its contracts with Amtrak and Travelliance. The subpoena sought documents and records that would allow the OIG to fully and completely evaluate whether ACS had indeed violated certain terms of the contract, thereby causing Amtrak to pay federal funds to ACS that it would have otherwise denied. Each of the unfulfilled requests is critical to the OIG's investigation, and by failing to respond to the subpoena, ACS has prevented the OIG from determining whether and to what extent ACS has violated the material terms of its contracts.

All of the items the subpoena seeks are in the possession of ACS, including employee records, invoices and payment records, and any communications and documents pertaining to the relevant contracts. Indeed, these requests were accessible to ACS, as the company was still in business at the time the subpoena was served on it. The subpoena is directly relevant to an OIG investigation regarding possible fraud, waste, or abuse within Amtrak, and is therefore enforceable. *See, e.g., Equal Employment Opportunity Commission v. Technocrest Systems, Inc.*, 448 F.3d 1035, 1040 (8th Cir. 2006) ("[A] district court should enforce an administrative subpoena if the information sought is reasonably relevant to an authorized investigation.") (citing *United States v. Morton Salt. Co.*, 338 U.S. 632, 652 (1950); *Donovan v. Shaw*, 668 F.2d 985, 989 (8th Cir. 1982); *Equal Employment Opportunity Commission v. Chrysler Corp.*, 567 F.2d 754, 755 (8th Cir. 1977)); *Resolution Trust Corp.* 41 F.3d at 1544 ("We consider only whether 'the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'") (citing *Morton Salt. Co.*, 338 U.S. at 652).

Conclusion

For the foregoing reasons, the United States respectfully requests that the Court enter an Order granting the United States' Petition for Summary Enforcement of Inspector General Subpoenas, and grant such other and further relief to the United States that this Court deems necessary and appropriate, including attorney's fees and costs.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
Attorney General

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

_____
DARRELL C. VALDEZ, D.C. Bar #420232
Assistant United States Attorney
555 4th Street, NW, Civil Division, Room E4222
Washington, DC  20530
(202)252-2507
Darrell.Valdez@usdoj.gov